MARION McMILLEN ET AL., EXECUTORS, PLAINTIFFS, v. LEWIS GROSS, DEFENDANT.

Submitted February term, 1923—Decided June 7, 1923.

**Contracts—Cutting of Trees—Question of Authority—Misconduct of Witness.**

On rule to show cause.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiffs, *John W. Harding*.

For the defendant, *Morrison, Lloyd & Morrison*.

PER CURIAM.

The plaintiffs in this case sued the defendant for damages caused by the defendant cutting trees on the plaintiffs' woodland. The defendant, under an agreement, had authority from the plaintiffs to cut certain specified kinds of trees for use, as railroad ties. The trees so cut were paid for at the contract price per tie. The allegations are the defendant cut other trees without authority; the defendant failed to clean up the brush or trash as required by the contract. The damages alleged the value of four thousand six hunded and fifty-four trees cut at $12,000; damages to the forest, $8,000; cost of removing tops of trees and brush so as to prevent fire, $5,000; total damages alleged, $25,000. The trial resulted in a verdict for plaintiffs for the sum of $14,245.26.

A rule to show cause was allowed by the trial judge.  The defendant writes down four reasons for a new trial.  They are argued in the brief, under two heads—*first,* because of the misconduct of one of the jurors—*second,* because the verdict is against the clear weight of the evidence.

As to the first ground, it is sufficient to say, waiving the irregularity under which the testimony was taken, returned with the record, a statement by a juror cannot be received in evidence for the purpose of contradicting or destroying a verdict.  *Queen* v. *Jennings, 93 N. J. L.* 353.  The defendant, Lewis Gross, his son, Gregory, and a workman, Thomas Castelene, testify they saw one of the jurors, on the Sunday over which the trial of the case was continued, at or near the house of the plaintiff McMillen.  They did not see the juror do anything.  He was not identified by name.  The defendant was in court on the next day, Monday, sat quietly by until after the verdict was announced without in any way calling the incident to the attention of the trial judge.  Manifestly the defendant could not sit by and speculate as to the verdict, then, when it was adverse, complain.  This would be neither good morals or good sense.  That the verdict is excessive needs no comment.  It is amply supported by the evidence as we read the record.

The rule to show cause is discharged, with costs.